Porter, J.
This action was commenced to compel the defendants to return certain notes and obligations which they had received from the insolvent, Hanna, as a collateral security for a debt due by him.
Interrogatories were propounded to the garnishees, who answered that the notes mentioned in the petition were in their possession. The parish court decreed that the defendants should deliver them up to the syndics, that a copy of the judgment be served on Richardson & Fisk, in whose hands they were deposited, and that on their failure to comply with the decree, that execution issue against them.
From this judgment the garnishees have appealed, and insist that Lauring had a privilege on these notes; that they were given as a collateral security by Hanna when he was solvent: and lastly, that the defendants had by the transfer and indorsement, an absolute right in them.
These may be very proper questions, if the cause was placed before the court in such a *569 way as that they could be enquired into. But I am of opinion, that on an appeal by the garnishees, we cannot investigate the merits of the case between the principal parties. All that the former have a right to complain of is the judgment of the court, so far as it affects their interest, with its legality or justice, otherwise they have nothing to do.
Taking for granted, therefore, that the judgment of the court below is correct, as between plaintiff and defendant, since neither party have appealed from it; I cannot find any thing in the decree against the appellants, which requires, or could justify the interference of this court.
The judgment of the parish court, as far as it affects the appellants, should be affirmed with costs.
Martin, J.
A garnishee has no right, as such, to plead for the defendant; he cannot oppose the plaintiff’s claim against the latter. All he is to do in court is, to tell the truth, and if his declaration be controverted, to support it, and prevent any improper decision being made, as far as his own interest is concerned. If such an improper decision be made, he may certainly bring it up for our ex *570 amination: but he cannot step out from the parts of the record which concern him, and draw our attention to errors, which affect the interests of the defendant; for these cannot be noticed by us in the absence of the latter.
Seghers for plaintiffs, Maybin for defendants.
We should dismiss the appeal.
Mathews, J.
This appeal, as already stated, was taken and brought up by the garnishees alone. On examination of the case, in refering to the record, and to the points relied on by the counsel of the appellants, it appears that the interest of the garnishees is not brought in question, independent of the rights of the defendants in the attachment; and as they have not appealed, I am of opinion the merits of the cause ought not now to be investigated: and as an affirmance of the judgment of the court a quo, so far as relates to the appellants, might create some confusion in an appeal which may yet be taken by the defendants, the best and safest mode of proceeding, is to dismiss the present appeal. I therefore concur with judge Martin, that the appeal be dismissed.
It is therefore ordered, adjudged and decreed, that the appeal be dismissed.